# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

AWGI, LLC; and SMART MOVE
TRANSPORTATION, LLC,

        Plaintiffs,

vs.                                          Case No. 6:12-cv-948-Orl-37DAB

TEAM SMART MOVE, LLC; and
RANDAL VIGGIANI,

        Defendants.

## ORDER

This cause is before the Court on its own motion. Upon review of the case file, the Court notes that Defendant Randal Viggiani has signed certain submissions purportedly on behalf of Defendant Team Smart Move, LLC. The rules of this Court do not permit Mr. Viggiani to appear on behalf of Defendant Team Smart Move, LLC, which is a business entity. Local Rule 2.03(e) ("A corporation may appear and be heard only through counsel admitted to practice in the Court . . . ."). The Court therefore construes all such submissions as being submitted only on behalf of Mr. Viggiani, who is appearing *pro se* in this matter on his own behalf.

To be clear, there is no constitutional right to self-representation in a civil case. Rather, Title 28 U.S.C. § 1654 provides that "in all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." The Eleventh Circuit has said that "the right to proceed *pro se* under 28 U.S.C. § 1654 is a fundamental statutory right that is afforded the highest degree of protection." *Reshard v.*

*Britt*, 819 F.2d 1573, 1579 (11th Cir. 1987) (vacated en banc). This right of self-representation, however, only exists for the *pro se* party and does include the right to represent others on a *pro se* basis. *See Timson v. Sampson*, 518 F.3d 870, 873 (11th Cir. 2008).

The rights afforded to *pro se* parties by Section 1654 are limited. The courts do not extend these rights to business entities, which must be represented by counsel. *Southwest Express Co., v. Interstate Commerce Commission*, 670 F.2d 53, 55 (5th Cir. 1982) (noting "the long standing and consistent court interpretation of § 1654 is that [corporations and similar business associations] must be represented by licensed counsel").[1] Thus, Mr. Viggiani may not appear in this Court on behalf of Defendant Team Smart Move, LLC.

<u>To summarize</u>: Defendant Team Smart Move, LLC, as a business entity, cannot appear in proper person as an LLC or through its officers under settled interpretations of Title 28 U.S.C. § 1654. Defendant Team Smart Move, LLC can enter an appearance only through an attorney admitted to practice before this court. Local Rule 2.03(e). Defendant's president, Mr. Viggiani, is not a lawyer and therefore cannot appear in this Court representing another person (in this case, Defendant Team Smart Move, LLC). Mr. Viggiani may not continue to file papers in this matter on behalf of Defendant Team Smart Move, LLC.[2]

---

[1] While *Southwest Express* is not binding authority, the Eleventh Circuit adopted the holding and reasoning of that case in *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385-86 (11th Cir. 1985).

[2] In addition, although Mr. Viggiani may appear in this matter on his own behalf, he should be aware that a *pro se* litigant is subject to the same laws and rules of court as a litigant who is represented by counsel. The Court encourages Mr. Viggiani to familiarize himself with this Court's Local Rules (which are available at the public website for the Middle District of Florida at www.flmd.uscourts.gov) and the Federal

As such, Defendant Team Smart Move, LLC has not appeared in this action or answered the complaint. Plaintiff shall move for a default, as directed by the Magistrate Judge.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on September 26, 2012.

ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record

Rules of Civil Procedure (which are available at www.uscourts.gov/rules or at law libraries of the state and federal courthouses).